**IN THE UNITED STATES DISTRICT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**CHRISTOPHER MOUNTS,**

      **Plaintiff,**

**v.**                            **CIVIL ACTION NO.:** 3:12-cv-6679

**ARGUS ENERGY WV, LLC,**
**a Kentucky Limited Liability Company,**

      **Defendant.**

**NOTICE OF REMOVAL**

NOW COMES the Defendant, Argus Energy WV, LLC (hereinafter referred to as "Argus"), by and through counsel, Thomas P. Mannion, Tim J. Yianne and the law firm of Mannion & Gray, Co., L.P.A., pursuant to 28 U.S.C. § 1332, 1441 and 1446, and hereby gives notice that, on the grounds set forth below, it is removing the above styled action from the Circuit Court of Wayne County, West Virginia to the United States District Court for the Southern District of West Virginia. In support thereof, Argus states and avers as follows:

      1.    This civil action was commenced by the Plaintiff Christopher Mounts (hereinafter referred to as "Plaintiff"), against Argus on or about September 14, 2012, by the filing of a Complaint in the Circuit Court of Wayne County, West Virginia, designated Civil Action No. 12-C-209. (*See* Summons and Complaint attached hereto as "**Exhibit 1**").

      2.    On or about September 20, 2012, Argus received service of the Summons and Complaint via certified mail. (*See* "Service of Process Transmittal" attached hereto as "**Exhibit 2**").

3.      This Notice of Removal is being filed within thirty (30) days after the receipt by Argus of the Complaint filed by the Plaintiff, which, for the first time, raises claims removable to the United States District Court for the Southern District of West Virginia. *See* U.S.C. § 1446(b).

4.      This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between Citizens of different States." 28 U.S.C. § 1332.

5.      28 U.S.C. § 1441(a) states that "…[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending…"

6.      For purposes of establishing the citizenship of corporate entities for the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

7.      Plaintiff alleges in the Complaint that he resides in Wayne County, West Virginia. (*See* ¶ 1 of "**Exhibit 1**"). Based upon the Complaint, Argus is informed and believed that Plaintiff is a citizen of the State of West Virginia.

8.      Argus is a limited liability company organized under Kentucky law, with its principal place of business in Lovely, Kentucky, and is a citizen of Kentucky. *See* Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (U.S. 2010)(stating that "[w]e conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporations activities. It is the place that the Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation

maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e. the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Therefore, Argus is a citizen of Kentucky, fulfilling the requirements of diversity of citizenship with regard to all parties to this litigation.

9.      28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000.00, exclusive of interest and cost. To demonstrate that the jurisdictional amount has likely been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000.00. McCoy v. Erie Ins. Co., 147 F.Supp.2d 481, 489 (S.D. W.Va. 2001). It is settled that the test for determining the amount in controversy in a diversity proceeding is "the pecuniary result to either party which [a] judgment would produce." Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002). Plaintiff's Complaint does not specify the amount of actual damages that Plaintiff seeks. However, the Defendant need not rely on these unspecified actual damages to show that the amount in controversy is met. See McCoy, 147 F.Supp.2d 481.

10.      Plaintiff's Complaint alleges, among other things, severe and permanent disabling injuries to his back and legs, pain and suffering, pain and anguish in the future, lost of capacity for the enjoyment of life, past and future medical expenses, and past and future wage lost. (See "**Exhibit 1**").

11.      Argus denies the allegations in the Plaintiff's Complaint; however, based upon the relief Plaintiff is requesting, the "amount in controversy" in this matter is likely well in excess of the $75,000.00 required of diversity jurisdiction, meeting the minimum amount to request removal under 28 U.S.C. § 1332. Therefore, this Court possesses original jurisdiction over this Civil Action pursuant to 28 U.S.C. 1332(a) based upon complete diversity of citizenship and an amount in

controversy exceeding $75,000.00, exclusive of interest and costs. Accordingly, removal of this matter is proper pursuant to 28 U.S.C. § 1441(a).

12.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of West Virginia because a substantial part of the events or omissions giving rise to the claims contained in the Complaint are alleged to have occurred in this district.

13.     In accordance with 28 U.S.C. § 1446(a), Argus states that the Summons and the Complaint constitute all the process, pleadings and orders served upon them affecting removal. (*See* "**Exhibit 1**"). A certified copy of the Docket Sheet for Civil Action No. 12-C-209 in the Circuit Court of Wayne County, West Virginia, is attached hereto as "**Exhibit 3**."

14.     A true and correct copy of this "Notice of Removal" will be filed promptly with the Circuit Clerk of Wayne County, West Virginia, and written notice thereof given to counsel for Plaintiff in accordance with 28 U.S.C. § 1446(b). The "Notice to Plaintiff and Circuit Court of Filing of Notice for Removal" is attached hereto as "**Exhibit 4**."

15.     The removal of the above-captioned civil action from the Circuit Court of Wayne County to the United States District Court of the Southern District of West Virginia is proper.

**WHEREFORE**, Argus prays that the service and the filing in this Honorable Court of this Notice of Removal, and also the service upon the Plaintiff and the filing in the Circuit Court of Wayne County, West Virginia, a notice to Plaintiff and the Circuit Court of the filing of this Notice of Removal (which includes an attached copy of this Notice of Removal) shall effect the removal of this action from the Circuit Court of Wayne County, West Virginia, to the United States District Court for the Southern District of West Virginia.

Dated: October 17, 2012.

Respectfully submitted,


/s/ *Tim J. Yianne*_____

Thomas P. Mannion WVSB # 6994)
Tim J. Yianne (WVSB # 8623)
Mannion & Gray Co., L.P.A.
122 Capitol Street, Suite 100
Charleston, West Virginia 25301
Ph: 304-513-4242
Fax: 304-513-4243

**IN THE UNITED STATES DISTRICT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**CHRISTOPHER MOUNTS,**

     **Plaintiff,**

**v.**                                                   **CIVIL ACTION NO.: _____**

**ARGUS ENERGY WV, LLC,**
**a Kentucky Limited Liability Company,**

     **Defendant.**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing ***"Notice of Removal"*** was sent via regular

U.S. Mail, postage prepaid and the Court's electronic filing system this 17th day of October,

2012 to the following:

Donald Jarrell
PO Box 190
Wayne, WV 25570
*Counsel for Plaintiff*

/s/ *Tim J. Yianne*_____
Thomas P. Mannion WVSB # 6994)
Tim J. Yianne (WVSB # 8623)
Mannion & Gray Co., L.P.A.
122 Capitol Street, Suite 100
Charleston, West Virginia  25301
Ph:  304-513-4242
Fax:  304-513-4243

6